■ GLORIA GRIVAS, Individually and as Administratrix of the Estate of OLIVIERI PENA, Also Known as FRANK PENA, Deceased, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant and Third-Party Plaintiff. GEORGE CAMPBELL PAINTING CORP., Third-Party Defendant-Appellant. [641 NYS2d 646] —Order, Supreme Court, New York County (William Davis, J.), entered on or about February 27, 1995, which denied defendant's and third-party defendant's motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

While we disagree with the IAS Court that plaintiff administratrix has come forward with proof of paternity sufficient to support the cause of action for wrongful death brought on behalf of the non-marital child and sole distributee of the deceased putative father, we do find the proof sufficient to at least raise an issue of fact as to paternity, and accordingly affirm denial of the motions for summary judgment. Under EPTL 5-4.5, the right of a non-marital child to recover in an action for the wrongful death of his or her father is coextensive with the child's right to inherit from the father under EPTL 4-1.2. Under EPTL 4-1.2 (a) (2) (A), a non-marital child can inherit from his or her father if a court has made an order of filiation declaring paternity during the lifetime of the father. Accordingly, the posthumous order of filiation issued by Family Court, Queens County, declaring the decedent to be the child's father, is insufficient, by itself, to establish the child's status as a qualified distributee entitled to have a wrongful death action brought on her behalf. However, EPTL 4-1.2 (a) (2) specifies other circumstances under which a non-marital child can inherit from his or her father, including, under clause (C), clear and convincing evidence of paternity and the father's open and notorious acknowledgment of the child as his own. As the IAS Court pointed out, this latter qualifying standard is virtually the same as that required to prevail in a posthumous

paternity proceeding under Family Court Act § 519 (d) (*see, Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141-142). Accordingly, we accept the order of filiation as proof of paternity sufficient at least to defeat the motions for summary judgment. In any event, plaintiff came forward with other proof of paternity, including, most significantly, the deposition testimony of the child's mother of exclusive access by the decedent (*see, Fitzgerald v Tamola*, 199 AD2d 122, 123), sufficient to raise issues of fact. Concur—Murphy, P. J., Milonas, Williams, Tom and Mazzarelli, JJ. *[See,* 165 Misc 2d 653.]