■ In the Matter of ANDREA TUMMINIA, Respondent, v JOSEPH SAVATTERE, Respondent, and PHILLIP SAVATTERE et al., Appellants. [654 NYS2d 676] —In a paternity proceeding pursuant to Family Court Act article 5, Phillip and Rosalie Savattere appeal, by permission, from an order of the Family Court, Kings County (Cordova, J.), dated September 13, 1995, which denied their motion to vacate an order of filiation of the same court (Burstein, J.), dated April 20, 1994, which declared their deceased son Joseph Savattere to be the father of Amanda Tumminia. Justice Florio has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The child at the center of this controversy, Amanda Tumminia, was born on February 27, 1989, to the petitioner, Andrea Tumminia. On March 21, 1990, Joseph Savattere was tragically killed in an employment-related accident. Shortly thereafter the petitioner commenced proceedings to establish that Joseph Savattere was Amanda's father. The appellants, Phillip and Rosalie Savattere, who represented their late son's estate, opposed the petitioner's initial attempts to establish Joseph's paternity of Amanda. However, based upon, *inter alia*, the results of blood tests establishing a 99.80% probability of Joseph's paternity of Amanda, an order of filiation was obtained without opposition from the appellants. Claiming, *inter alia*, that their former attorneys had misled them into not opposing the petition, the appellants thereafter moved to vacate the order of filiation. The Family Court denied the application and we affirm.

Contrary to the appellants' contentions, we agree with the Family Court's conclusion that they failed to demonstrate their entitlement to an order vacating the order of filiation. As noted, the blood tests, to which the appellants consented, persuasively established a significant statistical likelihood of paternity. Moreover, the petitioner submitted affidavits from friends and relatives which established that Joseph Savattere had "openly and notoriously" acknowledged his paternity of Amanda during his lifetime (Family Ct Act § 519). This evidence adequately supported the paternity determination. Accordingly, the appellants have failed to demonstrate that the order of filiation should be vacated (*see,* CPLR 5015).

The appellants' remaining contentions are without merit or

are improperly raised on this appeal. We further note, with our strongest disapproval, the attempt of the appellants' appellate counsel to mislead this Court by including in the appendix a document that was never submitted to the Family Court and by suggesting that this document was indeed properly part of the record on appeal. Miller, J. P., Altman, Krausman and Florio, JJ., concur.