■ PHILIP SAVATTERE et al., Respondents, v SUBIN ASSOCIATES, P. C., et al., Appellants. [690 NYS2d 229] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about February 23, 1998, which, insofar as appealed from as limited by defendants' brief, denied defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

A cause of action for legal malpractice is stated by plaintiffs' allegations that they retained defendants to represent them in a paternity proceeding in which their deceased son was named as the putative father, and that defendants failed to raise various viable defenses in that proceeding, including res judicata, resulting in plaintiffs' loss of inheritance rights in the estate of their son, who died intestate. The denial of plaintiffs' motion in the paternity proceeding to vacate the order of filiation (*Matter of Tumminia v Savattere*, 236 AD2d 616, *lv dismissed* 90 NY2d 845) does not collaterally estop plaintiffs from asserting defendants' malpractice. The issue there was whether plaintiffs' son's paternity was established by adequate proof of his open and notorious acknowledgment of paternity; the issue here is whether defendants negligently failed to offer defenses that would have precluded evidence of open and notorious acknowledgment, or to adduce evidence to the contrary. A cause of action for breach of contract is stated by plaintiffs' allegations that contrary to their express instructions to oppose the paternity petition and any genetic testing not authorized by statute (*see,* Family Ct Act § 532), defendants inexplicably informed the court that plaintiffs consented to genetic blood testing, and otherwise simply offered no defense to the paternity petition contrary to the parties' agreement. A cause of action for violation of Judiciary Law § 487 is stated by plaintiffs' allegations that defendants deceived them into submitting to genetic testing by intentionally misadvising them that they were required to do so by court order and would go to

jail if they did not, falsely advised the court that plaintiffs had consented to be genetically tested and had agreed to settle the proceeding, and colluded with the paternity petitioner to have the child become plaintiffs' son's heir at law, so that greater damages might be awarded for their son's wrongful death, and a higher fee realized by defendants in the wrongful death action they had instituted on plaintiffs' behalf. For the same reasons, a cause of action for fraud is stated, which, by reason of its demand for punitive damages, does not seek the same damages as the malpractice cause of action (*cf., Harkin v Culleton*, 156 AD2d 19, *lv dismissed* 76 NY2d 936). We have considered defendants' remaining claims and find them unavailing. Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.