■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUND KO, Appellant. [757 NYS2d 561] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered October 16, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The victim's statement to a friend in a telephone conversation shortly before the murder that "It's Ed. I have to go" was properly admitted under the present sense impression exception to the hearsay rule (*see People v Brown*, 80 NY2d 729 [1993]). The statement was a spontaneous description of events as they were unfolding, and the requirement of corroboration was fully satisfied by extensive circumstantial evidence including forensic evidence. Since the statement that defendant had actually arrived at the victim's apartment was properly admitted, any error with respect to the victim's prior declaration of

defendant's intention to do so was harmless because such evidence was superfluous, and because of the overwhelming evidence of defendant's guilt.

Where the People's theory was that defendant murdered his former girlfriend to placate and impress his new girlfriend, the court properly exercised its discretion in ruling that defendant's participation with the new girlfriend in a knife attack on another one of his former girlfriends a few months before the murder was admissible on the issue of motive (*see People v Walker*, 293 AD2d 411 [2002], *lv denied* 98 NY2d 682 [2002]; *People v Willsey*, 148 AD2d 764 [1989], *lv denied* 74 NY2d 749 [1989]). The probative nature of this evidence outweighed any prejudicial effect. This evidence had a direct bearing on motive, because both crimes were committed for a very specific common purpose. The People were entitled to explain to the jury why defendant would kill a former girlfriend from whom he had separated on friendly terms and against whom he bore no apparent animosity.

Defendant was not deprived of any constitutional rights by the People's refusal to grant immunity to his new girlfriend (*see People v Adams*, 53 NY2d 241, 247 [1981]; *People v Shapiro*, 50 NY2d 747 [1980]). There was no bad faith or abuse of prosecutorial discretion. Furthermore, defendant's inability to call the new girlfriend as a witness because of her assertion of her Fifth Amendment privilege did not adversely affect his defense.

The court correctly determined that mitochondrial DNA analysis has been found reliable by the relevant scientific community, and that issues regarding contamination go to the weight to be given such evidence (*People v Klinger*, 185 Misc 2d 574 [2000]). We also note that many jurisdictions have accepted this type of DNA evidence (*see e.g. People v Holtzer*, 255 Mich App 478, 660 NW2d 405 [2003]; *State v Pappas*, 256 Conn 854, 866-890, 776 A2d 1091, 1101-1113 [2001]).

The other challenged rulings were proper exercises of discretion which did not deprive defendant of his right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.