OPINION OF THE COURT
Alfred J. Weiner, S.
*251 This is an unopposed application by petitioner for an order declaring that he is the son and sole heir of the decedent, revoking letters of administration granted to respondent as chief fiscal officer of Rockland County and granting letters of administration d.b.n. to him. A hearing was held.
The court finds that the mother of petitioner had a relationship with the decedent from 1961 through 1964. In January 1965, she discovered she was pregnant with decedent’s child. In May 1965, she married Frank R. and on August 10, 1965 she gave birth to the petitioner. Decedent acknowledged his paternity to petitioner’s mother, to his mother and to his brother.
After the death of the decedent, a request was made of the funeral home where he was located to save tissue samples of the decedent, which would be provided to a testing lab for DNA testing. The funeral home submitted a lock of the decedent’s hair to the testing lab for DNA testing. The sample did not contain any hair follicles. Therefore it was not possible to submit the hair sample for nuclear DNA testing.
Since no nuclear DNA was available for testing from the decedent’s hair sample obtained by the funeral home, the petitioner submitted the toothbrush allegedly belonging to the decedent for DNA nuclear testing and mitochondrial DNA testing, as well as the decedent’s cut hair sample for mitochondrial DNA analysis.
A nonmarital child is the legitimate child of his father if paternity has been established by clear and convincing evidence and the father of the child has openly and notoriously acknowledged the child as his own. (EPTL 4-1.2 [a] [2] [C]; Matter of Sekanic, 229 AD2d 76 [1997]; Matter of Wilkins, 180 Misc 2d 568 [1999].)
Courts have accepted posthumously obtained DNA test results as clear and convincing evidence of paternity pursuant to EPTL 4-1.2 (a) (2) (C). (Matter of Bonanno, 192 Misc 2d 86 [2002]; Estate of Santos, NYLJ, July 28, 2003, at 22, col 2.) Mitochondrial DNA analysis has been found reliable by the scientific community and is acceptable as evidence. (People v Ko, 304 AD2d 451 [2003]; People v Klinger, 185 Misc 2d 574 [2000].)
Petitioner introduced nuclear DNA test results utilizing the toothbrush and comparing it to a tissue sample from petitioner. These results concluded that the DNA from the toothbrush had a 99.79% probability of being from the biological father of petitioner.
*252 In order to establish that the toothbrush belonged to decedent, petitioner introduced the results of mitochondrial DNA testing of the toothbrush compared to the cut hair sample from decedent. The results confirmed that the toothbrush and hair sample were a match in that they possessed a rare, identical mitochondrial DNA sequence. Therefore, the court finds that the toothbrush came from decedent himself.
Based upon the testimony and evidence presented, the court finds that petitioner has established that decedent openly and notoriously acknowledged that he was the father of petitioner and that the nuclear and mitochondrial DNA test results constitute clear and convincing proof of his paternity.
Accordingly, the application is granted. Letters of administration granted to respondent are revoked and letters of administration d.b.n. shall be issued to petitioner upon him duly qualifying pursuant to statute.