■ The People of the State of New York, Respondent, v Edmund Ko, Appellant. [789 NYS2d 43]—

On remand to this Court from the Supreme Court of the United States (542 US —, 124 S Ct 2839 [2004]) for reconsideration in light of *Crawford v Washington* (541 US 36 [2004]), judgment, Supreme Court, New York County (Harold B. Beeler,

J.), rendered October 16, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The defense theory in this case featured an effort to establish that the murder of defendant's former girlfriend was most likely committed by defendant's new girlfriend and another person. At trial, the People presented, on their direct case, testimony by a detective recounting statements made by the girlfriend that a bloody shirt found at the murder scene belonged to her, but was often worn by defendant, and that the bloody pants found there belonged to defendant.

In our original decision (304 AD2d 451, 452 [2003]), we concluded that the court's evidentiary ruling permitting this evidence was a proper exercise of discretion. On reconsideration in light of *Crawford v Washington* (541 US 36 [2004], *supra*), we conclude that defendant preserved a Confrontation Clause argument with regard to the admissibility of this evidence, and that these statements were testimonial within the meaning of *Crawford* and were received for their truth. However, we find no basis for reversal.

Defendant opened the door to the admission of the entire statement concerning the clothing found at the murder scene by raising the issue of the clothing in his opening statement and in seeking, in opposition to the People's in limine motion, leave to introduce the girlfriend's statement that the shirt found belonged to her. Once defendant insisted upon introduction of the portion of the statement regarding the girlfriend's ownership of the shirt, the entire statement became admissible because the admission of that portion of the statement, by itself, would misrepresent the meaning of the conversation (*see e.g. People v Tamayo*, 256 AD2d 98 [1998], *lv denied* 93 NY2d 979 [1999]; *People v King*, 197 AD2d 440 [1993], *lv denied* 83 NY2d 855 [1994]; *People v Wortherly*, 68 AD2d 158, 161-163 [1979]). A contrary holding would allow a defendant to mislead the jury by selectively revealing only those details of a testimonial statement that are potentially helpful to the defense, while concealing from the jury other details that would tend to explain the portions introduced and place them in context. Accordingly, we find no violation of defendant's right of confrontation (*see e.g. United States v Ramos*, 861 F2d 461, 468 [6th Cir 1988], *cert denied sub nom. Longmire v United States*, 489 US 1071 [1989]; *but see United States v Cromer*, 389 F3d 662, 678-679 [6th Cir 2004]).

In any event, were we to find any error, we would find it to be harmless beyond a reasonable doubt in light of the overwhelm-

ing evidence of defendant's guilt and the minimal impact of the challenged evidence. Concur—Mazzarelli, J.P., Ellerin, Nardelli and Gonzalez, JJ.