■ KATHLEEN SEATON, as Coadministratrix of the Estate of JOSE A. COLON, Deceased, et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants. [912 NYS2d 289]—

In an action, inter alia, to recover damages for wrongful death, the defendants County of Suffolk, Suffolk County Police Department, Police Officer Tony Gonzalez, and Police Commissioner John Gallagher appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated December 16, 2009, which denied their motion for partial summary judgment dismissing the claims asserted against them on behalf of the decedent's child.

Ordered that the order is affirmed, with costs.

On April 19, 2002, Jose A. Colon was killed as a result of a gun shot wound sustained during the course of a raid performed by the Suffolk County Police Department. On November 24, 2002, roughly seven months after Colon's death, Tiana Feliciano gave birth to a boy named Jose A. Feliciano-Colon. A DNA test, dated October 14, 2003, showed a 99.99% probability that the deceased was the father of the infant and a posthumous order of filiation was subsequently issued.

After the instant wrongful death action was commenced, the appellants moved for partial summary judgment dismissing the claims asserted against them on behalf of the infant son on the ground that the infant was not a proper distributee under EPTL 4-1.2 on the ground that a child who is in utero at the time of the parent's death suffers no pecuniary loss. In opposition to the motion for partial summary judgment, the plaintiffs submitted, among other things, an affidavit from Michael Carrasquillo, a personal friend of the decedent. Carrasquillo stated that the decedent had advised him, a few days prior to his death, that Feliciano was pregnant with his child and had indicated that he intended to be there for the baby. Notably, the decedent spoke to Carrasquillo in the presence of others and did not indicate that the information was to be kept secret.

The Supreme Court denied the motion for partial summary judgment. Citing EPTL 4-1.2 (a) (2) (C), the Supreme Court found that the infant was a proper distributee of the estate of the deceased and that he was entitled to have a claim prosecuted on his behalf. We affirm.

The right of a nonmarital child to recover in an action alleging the wrongful death of his or her father is coextensive with the child's right to inherit from the father under EPTL 4-1.2 (*see* EPTL 5-4.5; *see* Grivas *v* Port Auth. *of N.Y. & N.J.*, 227 AD2d 105 [1996]). At the time relevant to this proceeding, EPTL 4-1.2 provided that "[a] non-marital child is the legitimate child of his father so that he and his issue inherit from his father and his paternal kindred if . . . paternity has been established by clear and convincing evidence . . . [and] the father openly and notoriously acknowledged the child as his own" (EPTL 4-1.2 [a] [2] [former (C)]). We note that EPTL 4-1.2 (a) (2) (C) was amended, effective April 28, 2010, to provide that a nonmarital child is the legitimate child of his father if "paternity has been established by clear and convincing evidence, which may include, but is not limited to: (i) evidence derived from a genetic marker test, or (ii) evidence that the father openly and notoriously acknowledged the child as his own." This amendment, however, has no application to the instant facts as it applies

only to the estates of decedents who died on or after its effective date (*see* L 2010, ch 64, § 4).

Here, the posthumous DNA test constituted clear and convincing proof of paternity (*see Matter of Thayer*, 1 Misc 3d 791, 792 [2003]; *Matter of Bonanno*, 192 Misc 2d 86, 88 [2002]; *see also Matter of Poldrugovaz*, 50 AD3d 117, 125-127 [2008]). Further, under the circumstances presented, the affidavit submitted in support of the petition was sufficient to establish that the decedent openly and notoriously acknowledged that he was the father of the child that would ultimately be born (*see Matter of Poldrugovaz*, 50 AD3d at 130-131; *Matter of Tumminia v Savattere*, 236 AD2d 616 [1997]; *Matter of Anne R. v Estate of Francis C.*, 234 AD2d 375, 376 [1996]; *Matter of Kenneth V.*, 7 Misc 3d 250 [2004]; *Matter of Thayer*, 1 Misc 3d at 794; *cf. Matter of Gentile*, 2002 NY Slip Op 40026[U] [2002]). Accordingly, the Supreme Court properly concluded that the infant son has a right to have a claim prosecuted on his behalf in an action to recover damages alleging the wrongful death of the decedent.

The appellants' remaining contentions are without merit. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.