◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL ORTIZ, JR., Appellant. [914 NYS2d 281]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered September 16, 2004, convicting him of sodomy in the second degree, sodomy in the third degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant, then 13 years old, was staying with her sister and her sister's fiancé, the defendant, on the morning of January 20, 2002. While the defendant was alone in the apartment with the complainant, he started showing a pornographic movie, removed the complainant's clothing, licked her vagina, kissed her breasts, and stuck his tongue in her mouth. The complainant returned home to her parents on January 21, 2002. She threw the underpants she had been wearing into a laundry basket, which also contained various articles of dirty clothing that had been worn by her mother and father. The defendant was arrested on February 14, 2002.

On February 9, 2002, the police called the complainant's family to tell them to place the underpants the complainant had worn on the day of the incident in a brown paper bag. The complainant's mother told her to retrieve the underpants from the laundry basket. She retrieved it and placed it in a plastic bag. Her mother gave the underwear to her father in a brown paper bag, and the father brought the bag to an assistant district attorney. A detective collected the bag from the assistant district attorney and verified that it contained a pair of blue women's underpants. He brought it to the Office of the Chief Medical Examiner of the City of New York on February 28, 2002. Testing revealed that the defendant's DNA matched DNA found on the underpants. Testing also revealed the presence of a second male's DNA on the underpants, which could have come from the father's dirty clothing which was in the laundry basket with the underpants.

The jury convicted the defendant of sodomy in the second degree, sodomy in the third degree, sexual abuse in the second degree, and endangering the welfare of a child. The defendant appeals.

The defendant failed to preserve for appellate review his contention that the trial court erred in admitting the complainant's underpants into evidence on the theory that the People failed to establish a valid chain of custody (*see* CPL 470.05 [2]; *People v Russell*, 71 NY2d 1016, 1017 [1988]). In any event, "[t]o be admissible, any piece of real evidence must be shown to accurately portray a relevant and material element of the case. When real evidence is purported to be the actual object associated with a crime, the proof of accuracy has two elements. The offering party must establish, first, that the evidence is identical to that involved in the crime; and, second, that it has not been tampered with" (*People v Julian*, 41 NY2d 340, 342-343 [1977]). Proof of a complete chain of custody is one way of demonstrating the authenticity of an item of real evidence (*id.* at

343). "A proper chain of custody is developed when there are reasonable assurances in the record that the evidence sought to be admitted is the same item as was used in the crime and that it is unchanged. As long as these assurances have been established, any deficiencies in the chain of custody go only to the weight to be given to the evidence" (*People v Donovan*, 141 AD2d 835, 836-837 [1988] [citations omitted]). The testimony at trial gave reasonable assurances that the underpants admitted into evidence were the same underpants the complainant had worn at the time of the incident and were substantially unchanged (*see People v Anderson*, 99 AD2d 560, 561 [1984]; *cf. People v Brown*, 115 AD2d. 610 [1985]). Moreover, once the People properly authenticated the underpants, any evidence that the DNA on the underpants could have been contaminated goes to the weight of the evidence, not to the admissibility of the evidence (*see People v Klinger*, 185 Misc 2d 574, 586 [2000]; *see also People v Ko*, 304 AD2d 451, 452 [2003], *remanded on other grounds* 542 US 901 [2004]).

The defendant's contention that he was subjected to double jeopardy because sodomy in the third degree and sexual abuse in the second degree were concurrent inclusory offenses of sodomy in the second degree is similarly unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gonzalez*, 99 NY2d 76, 82-83 [2002]; *People v Perry*, 305 AD2d 274, 274-275 [2003]). In any event, the contention is without merit, as sodomy in the third degree and sexual abuse in the second degree are not concurrent inclusory offenses of sodomy in the second degree (*see* Penal Law § 130.60 [2]; § 130.40 [2]; § 130.45 [1]; CPL 300.30 [4]; *People v Glover*, 57 NY2d 61, 63-64 [1982], citing CPL 1.20 [37]). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.