2012 COA 192

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Thomas Deloss ROGERS, Defendant–Appellant.**

**No. 11CA0019.**

Colorado Court of Appeals, Div. VII.

Nov. 8, 2012.

Rehearing Denied Dec. 27, 2012.

John W. Suthers, Attorney General, William G. Kozeliski, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kielly Dunn, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

¶ 1 Defendant, Thomas Deloss Rogers, appeals his jury conviction for possession of a weapon by a prior offender. We affirm.

## I. Background

¶ 2 On July 20, 2009, a man (the driver) picked up defendant at a local motel. When the car left the parking lot, a police officer executed a traffic stop after the driver failed

to use his turn signal. The officer noted defendant made a furtive gesture toward the back seat and that the car smelled of marijuana.

¶ 3 The officers on scene discovered defendant had three active warrants and placed him under arrest. The driver then allowed the officers to search the car. They found a small black handgun, partially covered by a black t-shirt, in the back seat.

¶ 4 The driver wrote in a statement that he had tried to move the gun. He then answered follow-up questions from the officer, in which he stated that defendant had the gun in his jacket but threw it in the back seat when the police pulled them over. The driver also told the officer that defendant had been smoking marijuana.

¶ 5 Defendant was interviewed at the police station the next day. He denied knowing there was a gun in the car and encouraged the interviewing detective to test it for fingerprints. Later, defendant asked the detective how many bullets were in the gun.[1]

¶ 6 The People charged defendant with possession of a weapon by a prior offender. At trial, defendant again denied any knowledge that the gun was in the car. Moreover, neither party served a subpoena on the driver, and thus he did not testify at trial. Nor was the gun tested for fingerprints prior to trial. However, the officer testified during cross and re-direct examinations as to the driver's statements concerning defendant.

¶ 7 During cross-examination of the officer, defense counsel asked the officer if the driver admitted that his fingerprints were on the gun. When the officer did not remember, defense counsel refreshed his memory with the driver's written statement. Defense counsel then elicited that the driver told the officer that he had tried to move the gun.

¶ 8 On redirect examination, the prosecutor questioned the officer on the remainder of driver's statement concerning the traffic stop, again using the driver's written state-

ment to refresh the officer's memory. The officer testified that the driver stated that defendant had the gun in his jacket and threw it in the backseat when the car was pulled over. Then, in closing arguments, both sides relied on the driver's statements to the arresting officer.

¶ 9 A jury convicted defendant as charged.

¶ 10 This appeal followed.

## II. Constitutional Right of Confrontation

¶ 11 Defendant contends his conviction should be reversed and the case remanded for a new trial because the trial court's admission of testimonial hearsay statements violated his constitutional right of confrontation. Absent this evidence, he asserts, there was insufficient evidence to support his conviction. We conclude defendant waived his right of confrontation.

¶ 12 Although a district court's evidentiary rulings are reviewed for abuse of discretion, whether admission or exclusion of evidence violates the Confrontation Clause is reviewed de novo. *Bernal v. People,* 44 P.3d 184, 198 (Colo.2002).

¶ 13 Under the Sixth Amendment to the United States Constitution, testimonial hearsay must be excluded when the declarant is unavailable and the defendant had no prior opportunity to cross-examine the declarant. U.S. Const. amends. VI, XIV; Colo. Const. art. II, §§ 16, 25; *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004); *People v. Vigil,* 127 P.3d 916, 921 (Colo.2006). Hearsay statements made during the course of police interrogations are testimonial. *Davis v. Washington,* 547 U.S. 813, 814, 126 S.Ct. 2266, 2269, 165 L.Ed.2d 224 (2006); *Raile v. People,* 148 P.3d 126, 130 (Colo.2006).

¶ 14 The People contend that the hearsay statements were properly admitted because defendant opened the door by questioning

---

1. The detective testified: "The first question that he asked me was: Is—how many bullets were in the gun? And I told him that I didn't know yet because I hadn't been to our property bureau, so I wasn't sure how many bullets were in the gun. Right after that he said, it was fully loaded, right? Like maybe eight or nine rounds? ... And then after that he says he doesn't have a violent history so it should be no more than five years. And I said, unfortunately I didn't know that information; that's always up to the courts."

the officer about the information he received from the driver. In a case of first impression, we agree with the People that defendant opened the door to the admission of otherwise barred testimonial evidence.

## A. Waiver

¶ 15 The Tenth Circuit has concluded that a defendant waives his confrontation right by intentionally opening the door to testimonial evidence. *United States v. Lopez–Medina*, 596 F.3d 716, 732 (10th Cir.2010). Where, as here, defense counsel intentionally opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the people to introduce further evidence on that same topic. *Id.* at 731. Although a defendant's right to confront and cross-examine witnesses is fundamental, under certain circumstances, it can be waived by the defendant or through defense counsel. *Brookhart v. Janis*, 384 U.S. 1, 7, 86 S.Ct. 1245, 1248, 16 L.Ed.2d 314 (1966); *Cropper v. People*, 251 P.3d 434, 435 (Colo.2011).

¶ 16 Other jurisdictions have also recognized there is no post-*Crawford* Confrontation Clause violation when the defendant opens the door to the admission of hearsay testimony.[2] *See, e.g., United States v. Holmes*, 620 F.3d 836, 843–844 (8th Cir. 2010); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir.2011); *State v. Birth*, 37 Kan.App.2d 753, 158 P.3d 345, 355 (2007), *cert. denied*, 552 U.S. 1215, 128 S.Ct. 1302, 170 L.Ed.2d 122 (2008); *People v. Ko*, 15 A.D.3d 173, 789 N.Y.S.2d 43, 45 (N.Y.App.Div.2005); *State v. Robinson*, 146 S.W.3d 469, 492–93 (Tenn. 2004).

¶ 17 We recognize that at least one jurisdiction has concluded that the mere fact that a defendant may have opened the door—even if a foolish strategic decision—does not cause the defendant to forfeit his or her rights under the Confrontation Clause.

If there is one theme that emerges from *Crawford*, it is that the Confrontation Clause confers a powerful and fundamental right that is no longer subsumed by the

evidentiary rules governing the admission of hearsay statements. Thus, the mere fact that [the defendant] may have opened the door to the testimonial, out-of-court statement that violated his confrontation right is not sufficient to erase that violation.

*United States v. Cromer*, 389 F.3d 662, 679 (6th Cir.2004).

¶ 18 We find the reasoning of the Tenth Circuit, and the majority of courts that have considered the issue, more persuasive. In our view, it is necessary to avoid what the Tenth Circuit articulated as the *Cromer* rule, under which a defendant could freely "mislead a jury by introducing only parts of an out-of-court statement, confident that the remainder of the statement could not be introduced because the Confrontation Clause would provide a shield." *Lopez–Medina*, 596 F.3d at 733 (quoting *Ko v. Burge*, No. 06 Civ. 6826, 2008 WL 552629, at *13 (S.D.N.Y. Feb. 26, 2008) (Koeltl, J.)). Accordingly, admission of testimony that violates the Confrontation Clause may be proper if the defendant intentionally opened the door to its admission.

¶ 19 Of course, the Supreme Court has made clear that we must "indulge every reasonable presumption against the waiver of fundamental constitutional rights." *See, e.g., Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Glasser v. United States*, 315 U.S. 60, 70–71, 62 S.Ct. 457, 464–465, 86 L.Ed. 680 (1942). For a waiver to be effective it must be clearly established that there was "an intentional relinquishment or abandonment of a known right or privilege." *People v. Montour*, 157 P.3d 489, 498 (Colo.2007). That standard is met here.

¶ 20 If a court can infer that a defense counsel intentionally did not exercise the defendant's confrontation rights, this can be an effective waiver. *Hinojos–Mendoza*, 169 P.3d at 670. A court may assume that when an attorney fails to comply with relevant procedural rules, the attorney has made

---

**2.** Prior to *Crawford*, our supreme court made clear that a defendant could waive his rights under the Confrontation Clause. *Hinojos–Men-* *doza v. People*, 169 P.3d 662, 668 (Colo.2007) ("*Crawford* did not alter the fact that the right to confrontation can be waived.").

a decision to waive defendant's right of confrontation regardless of whether the attorney knew of or understood the rule or its requirements. *Cropper v. People*, 251 P.3d at 435. In Cropper, our supreme court held that because defense counsel did not follow the necessary procedures, despite allegations that it was due to oversight or ignorance, she intentionally waived the defendant's confrontation rights. *Id.* at 438.

¶ 21 Here, defendant's counsel introduced the driver's hearsay statement during the cross-examination of the arresting officer in order to elicit evidence that the driver knew of the gun and had tried to conceal it. This opened the door to the prosecution's redirect examination and the admission of statements implicating defendant. We view counsel's decision to introduce the driver's statement as a strategic trial tactic designed to shift the jury's attention to the driver and away from defendant.

¶ 22 We conclude that in this case defense counsel intentionally opened the door to the Confrontation Clause violation by her strategic trial decision to introduce the non-testifying driver's hearsay statement. Accordingly, defendant has waived the right to challenge the admission as error.

### III. Prior Conviction: Unpreserved Issue

¶ 23 Defendant also contends the exclusion of the driver's prior felony conviction was an abuse of discretion which violated his constitutional right to impeach, requiring constitutional harmless error review. We agree with the People, however, that the issue is unpreserved.

¶ 24 An issue is unpreserved for review when an objection or request was made to the trial court, but on different grounds than those raised on appeal. *People v. Ujaama*, 2012 COA 36, ¶ 37, 302 P.3d 296; *see also People v. Renfro*, 117 P.3d 43, 47 (Colo. App.2004).

¶ 25 Here, at trial, defense counsel sought to admit the driver's prior felony conviction to establish an "alternate suspect." Now, on appeal, defendant claims that it was admissible to impeach the driver's credibility pursuant to section 13-90-101, C.R.S.2012.

Because this issue was not preserved, we review for plain error.

¶ 26 Plain error addresses error that is both "obvious and substantial." *People v. Miller*, 113 P.3d 743, 750 (Colo.2005). A plain error is one that so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Id.*

¶ 27 Here, we conclude that any error was not substantial and did not undermine the fundamental fairness of the trial. The driver's statement was not the only evidence against defendant. The jury could also have relied on the arresting officer's first-hand observations of defendant's furtive movement toward the back seat as well as defendant's apparent knowledge of the gun and how many rounds were in it.

¶ 28 The judgment is affirmed.

Judge HAWTHORNE and Judge FURMAN concur.