25CA0747 & 25CA1422 Interest of Salcedo Hart 06-11-2026

COLORADO COURT OF APPEALS

Court of Appeals Nos. 25CA0747 & 25CA1422
Douglas County District Court No. 17PR30108
Honorable Theresa M. Cisneros, Judge

In the Interest of Margarita M. Salcedo Hart,

Margarita M. Salcedo Hart,

Appellant,

v.

Melissa Schwartz,

Appellee.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

Powers Law Firm, LLC, Jean M. Powers, Englewood, Colorado, for Appellant

Wilson Elser Moskowitz Edelman & Dicker LLP, Jason D. Melichar, Kimberly L. Koehler, Denver, Colorado; Todd E. Kastetter, P.C., Todd E. Kastetter, Denver, Colorado, for Appellee

¶ 1     Margarita M. Salcedo Hart appeals the district court's order awarding her former limited conservator, Melissa Schwartz, her fees, attorney fees, and costs.  We affirm.

## I.     Background

¶ 2     Salcedo Hart was an elderly woman who had lost over a million dollars to online romance scams.  In 2017, Schwartz was appointed as her limited conservator to prevent that from happening again.  Schwartz was given access to all of Salcedo Hart's financial accounts to monitor them for suspicious transactions.  Schwartz was also given authority to retain counsel to represent her if, in her sole discretion, she deemed it necessary.  That counsel was to be paid by Salcedo Hart.

¶ 3     Two years later, in 2019, Salcedo Hart petitioned to terminate the conservatorship and separately to remove Schwartz as the limited conservator.  The district court granted the petition to terminate the conservatorship in 2022 without resolving the petition to remove Schwartz.

¶ 4     Also in 2022, Salcedo Hart petitioned for a surcharge (the surcharge petition) against Schwartz based on the allegation that

1

Schwartz had breached her fiduciary duty. The district court denied this petition, finding no breach.

¶ 5    In 2023, Schwartz petitioned to be discharged as Salcedo Hart's limited conservator and for her compensation and costs (the discharge-compensation petition). The district court granted this petition, discharging Schwartz and awarding her several hundred thousand dollars in compensation and costs, including money for attorney fees and expert witness fees.

¶ 6    Salcedo Hart appeals the court's compensation and costs award, arguing that she was entitled to a hearing on the reasonableness of the award and that the award violated various statutes. We conclude that none of these arguments warrant relief.

## II.    Hearing

¶ 7    We first conclude that Salcedo Hart failed to preserve, and therefore waived, the argument she now advances in support of her right to a hearing on the reasonableness of the award. *See Vanderpool v. Loftness*, 2012 COA 115, ¶¶ 34-35 (failure to raise an argument to the district court in a civil case waives the right to raise it on appeal). Although Salcedo Hart requested a hearing on the award's reasonableness before the district court, she did not

2

raise the ground she now relies on. *See People v. Rogers*, 2012 COA 192, ¶ 24 ("An issue is unpreserved for review when an objection or request was made to the trial court, but on different grounds than those raised on appeal.").

¶ 8　　On appeal, Salcedo Hart relies on section 15-10-604, C.R.S. 2025, which sets out rules for resolving compensation and costs disputes in probate cases. It provides that when compensation or costs are disputed, "the court shall determine, after notice and hearing, the amount of compensation and costs it considers to be reasonable." § 15-10-604(4). Salcedo Hart argues in her opening brief that because she disputed the reasonableness of the compensation and costs, a hearing was mandatory under this provision.

¶ 9　　But she did not raise section 15-10-604(4)'s (purportedly mandatory) hearing provision to the district court. Instead, relying on different authority, she urged the district court to exercise its discretion to hold a hearing.

¶ 10　　Before the district court, Salcedo Hart quoted C.R.C.P. 121, section 1-22(2)(c), which explains when an attorney fees hearing is mandatory versus discretionary. A hearing is mandatory when

"required . . . by law." C.R.C.P. 121, § 1-22(2)(c). Alternatively, a hearing may be granted in the court's discretion when the hearing "would materially assist the court in ruling on the motion." *Id.* Salcedo Hart then relied on the discretionary hearing language in the rule, arguing that "a hearing on the reasonableness of all these fees and costs would materially assist the Court in ruling on Schwartz's motion."

¶ 11    The discretionary hearing language in the rule was the only ground on which Salcedo Hart requested a hearing below. She did not argue, as she does now on appeal, that a hearing was required under section 15-10-604(4). Indeed, she did not even cite any provision of section 15-10-604 in her hearing request below. Because she failed to alert the district court that a hearing might be required under section 15-10-604(4), she waived the right to advance that argument on appeal, and we will not address it. *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010) (preservation requires that "the issue be brought to the attention of the trial court and that the court be given an opportunity to rule on it").

4

### III. Schwartz's Entitlement to Compensation and Costs

¶ 12  Salcedo Hart next challenges various parts of the district court's compensation and costs award on several different grounds. We address two of these contentions on their merits and conclude the remainder are insufficiently supported and developed to trigger appellate review.

### A. Sections 15-10-602(1) and -602(6)

¶ 13  As we understand it, Salcedo Hart primarily challenges the court's award of compensation and costs to Schwartz for litigating the surcharge petition and the discharge-compensation petition. Salcedo Hart argues that awarding these amounts violated sections 15-10-602(1) and -602(6), C.R.S. 2025, because one of these provisions limits the other.

¶ 14  This is a statutory interpretation argument that we review de novo. *See Crandall v. City & County of Denver*, 238 P.3d 659, 661 (Colo. 2010). To resolve it, we consider the statutory text in the context of the statute as a whole and give the language chosen by the legislature its commonly accepted and understood meaning. *See Gallegos Fam. Props., LLC v. Colo. Groundwater Comm'n*, 2017

CO 73, ¶ 25. If the language is clear when considered in context, we look no further. *Id.*

¶ 15 Section 15-10-602(1) provides that a fiduciary and their lawyer are entitled to reasonable compensation for "services rendered on behalf of an estate."

¶ 16 In turn, section 15-10-602(6) provides that a fiduciary is entitled to reasonable reimbursement from the estate for "defend[ing] or prosecut[ing] a proceeding in good faith, whether successful or not."

¶ 17 The district court found that Schwartz litigated the surcharge and discharge-compensation petitions in good faith, thereby rendering Schwartz's services and costs incurred in this litigation awardable under section 602(6). Salcedo Hart argues this was error because section 602(6) awards must also separately comply with section 602(1). In other words, according to Salcedo Hart, good faith litigation costs under section 602(6) are awardable only if those costs also qualify as services rendered on behalf of the estate under section 602(1). We disagree and conclude that reading the provisions in context, they are stand-alone provisions not subject to one another.

¶ 18    Under Salcedo Hart's interpretation, section 602(6) compensation would be a wholly subsumed subcategory of section 602(1) compensation.  This would render section 602(6) redundant and superfluous.  We must reject such interpretations.  *See Byers Peak Props., LLC v. Byers Peak Land & Cattle, LLC*, 2026 CO 7, ¶ 24.

¶ 19    The only interpretation that does not render section 602(6) superfluous is that sections 602(1) and 602(6) identify two overlapping but potentially distinct sets of compensable activities.  Services rendered on behalf of the estate are compensable under section 602(1).  Separately, a good faith prosecution or defense is compensable under section 602(6), regardless of whether such litigation would also be compensable under section 602(1).

¶ 20    We therefore reject Salcedo Hart's argument that the award for the surcharge and discharge-compensation petitions litigation under section 602(6) was error.[1]

---

[1] The argument we reject as insufficiently developed to warrant review includes the argument that Schwartz was not entitled to compensation and costs for, as Salcedo Hart puts it, "responding to subpoenas, depositions and other discovery requests related to the Compensation and Surcharge Petitions."

## B.    Redactions

¶ 21    Salcedo Hart also challenges the award of over $197,000 in redaction costs on the ground that they were done for Schwartz's benefit, not Salcedo Hart's, and were therefore not awardable under section 602(1).  This is an argument that the evidence did not support the award, and we therefore review the court's decision to award the cost of the redactions for an abuse of discretion.  *See Colo. Citizens for Ethics in Gov't v. Comm. for Am. Dream*, 187 P.3d 1207, 1220 (Colo. App. 2008).  A court abuses its discretion if its "findings are so manifestly against the weight of the evidence as to compel a contrary result."  *Id.*  We perceive no abuse of discretion here.

¶ 22    As evidence that these redactions were not done for her benefit, Salcedo Hart points to Schwartz's testimony that the redactions "benefitted me as the conservator — limited conservator for Margarita Salcedo Hart."  But Schwartz did not testify, as Salcedo Hart suggests, that the redactions benefited Schwartz personally.  Instead, she testified that they benefited her as the limited conservator.

¶ 23    Moreover, it was Salcedo Hart who not only necessitated but specifically requested the redactions in the first place. Salcedo Hart subpoenaed Schwartz for all her correspondence with any other party related to the case "excluding attorney-client privileged communications" between Schwartz and her attorneys. Salcedo Hart's own subpoena ordered Schwarts to make the redactions. Under these circumstances, we cannot say that characterizing the redactions as completed on Salcedo Hart's behalf was manifestly arbitrary, unreasonable, or unfair.

## C.    Undeveloped Arguments

¶ 24    We conclude that Salcedo Hart's remaining arguments are undeveloped, and we will not address their merits.

¶ 25    Counsel on appeal "must inform the court both as to the specific errors asserted and the grounds, supporting facts, and authorities to support their contentions." *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010). We will not consider arguments presented without substantial argument or development. *See id.*

¶ 26    Salcedo Hart argues that Schwartz could not be awarded compensation and costs for opposing her removal as conservator.

But Salcedo Hart does not identify what Schwartz did to oppose her removal. This argument is therefore undeveloped.

¶ 27 The same is true of Salcedo Hart's argument that Schwartz should not have been compensated for testifying at the termination hearing because she appeared as a fact witness. Salcedo Hart neither describes Schwartz's testimony at the termination hearing nor explains why that testimony was fact-witness testimony. Salcedo Hart's argument is simply an unsupported and unexplained assertion. This is insufficient to trigger our review.

¶ 28 Similarly, Salcedo Hart has not properly presented her argument that compensation and costs for unidentified services rendered after the termination were not awardable. She contends that these unidentified services could not have been rendered on behalf of the estate because the conservatorship had been terminated. But she states this conclusion without citation to authority or further explanation. Again, this argument is undeveloped. *See* C.A.R. 28(a)(7)(B) (stating the appellant's brief must contain, among other things, "citations to the authorities and parts of the record on which the appellant relies").

¶ 29     Finally, Salcedo Hart presents an argument under section 15-10-503(4), C.R.S. 2025, which provides that after a conservator receives notice of a petition for their removal, they "shall not act except to account, to correct maladministration, or to preserve the estate." Salcedo Hart contends that Schwartz was compensated for many things she did after the removal petition and that these things were not done to account, correct maladministration, or preserve Salcedo Hart's estate.

¶ 30     The district court found that "the entirety of [Schwartz's] role was to preserve the estate." Salcedo Hart made clear at oral argument on appeal that she is not challenging the factual underpinnings of this determination. Instead, she argues that Schwartz did various things that, as a matter of law, could not have qualified as accounting, correcting maladministration, or preserving the estate. But this contention is a bald legal proposition. She cites section 15-10-503(4) and recites the court's determination under that statute. But she does not explain what it means to account, correct maladministration, or preserve an estate, nor does she explain why any of Schwartz's actions fell outside the scope of these terms. She merely states her conclusion without any

explanation. We therefore conclude that this argument, too, is insufficiently developed to trigger our review.

## IV. Disposition

¶ 31 The order is affirmed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.