**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Miguel MOJICA–SIMENTAL, Respondent.**

**No. 02SC44.**

Supreme Court of Colorado, En Banc.

June 23, 2003.

As Modified on Denial of Rehearing July 21, 2003.

G.F. Sandstrom, District Attorney, M. Katherine Howard, Deputy District Attorney, Pueblo, Colorado, Attorneys for Petitioner.

David S. Kaplan, Colorado State Public Defender, Tracy C. Renner, Deputy State Public Defender, Denver, Colorado, Attorneys for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

We granted certiorari in this case to consider two issues: first, whether section 16–3–309(5), 6 C.R.S. (2002), which allows criminalistics laboratory reports to be admitted without the testimony of the lab technician, applies in a driving under the influence (DUI) case; and second, whether section 16–3–309(5) is constitutional. We determine that section 16–3–309(5) does apply in a DUI case and is constitutional on its face.

At the commencement of the jury trial, the county court ruled that blood test results would not be admitted without the testimony of a lab technician under section 16–3–309(5), reasoning that to allow the results would effectively shift the burden of proof to the defense. Further, the county court held that the statute was not applicable in a trial for a DUI charge. On appeal, the district court ruled that the statute applies to all criminal cases where laboratory tests are required. However, the district court further concluded that the statute is unconstitutional because it allows defendants to waive constitutional rights passively, without an affirmative, intelligent, and knowing waiver, thus depriving the defendant of his right to confrontation. The district court stated that, "[t]he legislature cannot make those rights contingent on affirmative action by the defendant."

## II. Analysis

As we would not reach the question of the constitutionality of section 16–3–309(5) in this case unless it applies to the trial of DUI cases, we first address the statute's applicability. After determining that section 16–3–309(5) applies at a DUI trial, we next discuss the constitutionality of section 16–3–309(5). In our constitutional analysis, we begin by reviewing the district court's conclusion that section 16–3–309(5) is unconstitutional on its face. This inquiry is followed by a consideration of the defendant's argument that section 16–3–309(5) is unconstitutional as applied.

We hold that, on its face, section 16–3–309(5)'s provision, which requires a defendant to affirmatively request a lab technician's presence at trial, is an acceptable precondition to a defendant's exercise of his right to confrontation and is therefore not unconstitutional. A defendant's right to confrontation is not denied as he can preserve that right, pursuant to section 16–3–309, with minimal effort. Finally, we decide that the defendant's as applied challenge is not actually at issue because the statute has not yet been applied in this case.

### A. Section 16–3–309(5) Is Applicable To A Driving Under The Influence Trial

Before we address any constitutional challenges to section 16–3–309(5), we must decide that it applies in the case before us, namely a DUI case. The trial court ruled that section 16–3–309(5) was inapplicable in a DUI case. The appellate court reversed that holding, stating that under the language of section 16–3–309(5), the section is applicable to all criminal cases where laboratory tests are required. We now affirm the district court's decision and hold that section 16–3–309(5) applies in a DUI trial.

In order to determine whether section 16–3–309(5) is applicable in a DUI trial, we must examine the language of section 16–3–309(5) and of the DUI statute, section 42–4–1301, 11 C.R.S. (2002). When interpreting statutes, our primary goal is to give effect to the intent of the legislature. *People v. Smith,* 971 P.2d 1056, 1058 (Colo.1999). We first look to the plain language; if the language is clear, our analysis need go no further. *Id.* When two statutes conflict, "we will favor a construction that avoids potential

conflict between the relevant provisions." *Id.*

The two statutes in this case do not conflict. Section 42–4–1301 describes the procedures for administering tests to be used in DUI cases. Section 16–3–309(5) merely allows the results of such tests to be admitted "in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person." § 16–3–309(5). Furthermore, section 42–4–1301 states that failure to comply with the regulations for administering the tests does not bar their admission, but goes only to the weight given to the test results. § 42–4–1301. Thus, section 42–4–1301 does not conflict with section 16–3–309(5)'s manner of admitting test results.

Section 42–4–1301 also guarantees a defendant the right to challenge the results of such tests. Again, however, section 16–3–309(5) does not conflict with section 42–4–1301's provisions as section 16–3–309(5) does not in any way proscribe such challenges.

█ While we favor a more specific provision over a general one when there is conflict between statutory provisions, in the absence of such a conflict, we give effect to both statutes. *Smith,* 971 P.2d at 1058. The statutes in this case do not conflict. Consequently, we hold that section 16–3–309(5) is applicable to the trial of a DUI case.

### B. Section 16–3–309(5) is Facially Constitutional

█ Statutes are presumed to be constitutional. *People v. Hickman,* 988 P.2d 628, 634 (Colo.1999). A party challenging a statute's constitutionality has the burden of showing that the statute is unconstitutional beyond a reasonable doubt. *Id.* If there is more than one possible interpretation of the statute, we must adopt the constitutional construction. *People v. McBurney,* 750 P.2d 916, 920 (Colo.1988). We review the district court's determination that the statute is unconstitutional de novo. *City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 440 (Colo.2000).

Section 16–3–309(5) allows for any report or finding of a criminalistics laboratory to be received into evidence with the same force as if the laboratory technician had testified in person. § 16–3–309.[1] However, any party may request that the technician testify in person, "by notifying the witness and other party at least ten days before the date of such criminal trial." *Id.*

On its face, section 16–3–309(5) is constitutional. The right to confrontation is a fundamental right, but it is not a right without limit. Section 16–3–309(5) merely creates a precondition, that the defendant must request a technician's presence at least ten days before trial, which must be met to ensure such a witness's presence at trial. Thus, with minimal effort, a defendant can preserve the right to confrontation. Requiring a defendant to satisfy section 16–3–309(5)'s precondition does not shift the burden of proof away from the prosecution. We have required defendants to satisfy such conditions before. It is the prosecution that still must prove the elements of each charge beyond a reasonable doubt, whether it does so by subpoenaing the witness and presenting her at trial, or by simply introducing the lab report.

In sum, this statute seeks only to streamline the trial process by admitting a report without the testimony of the technician in cases where the parties do not feel that the technician's testimony would be useful. However, when a defendant wants to confront and question that witness, all he must do is notify the prosecution, at least ten days before trial, that he would like the technician present; if he does so, his simple request will

---

1. Section 16–3–309(5) states in full:

Any report or copy thereof or the findings of the criminalistics laboratory shall be received in evidence in any court, preliminary hearing, or grand jury proceeding in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person. Any party may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury to the court, by notifying the witness and other party at least ten days before the date of such criminal trial.

prevent the admission of the lab report without the foundational testimony of the appropriate lab technician.

### 1. The right to confrontation is not without limit

The United States Constitution states that in all criminal cases, the accused shall have the right "to be confronted with the witnesses against him." U.S. Const. amend. VI, XIV. In Colorado, the right is even more explicit: "the accused shall have the right ... to meet the witnesses against him face to face." Colo. Const. art. II, § 16. Despite the strong language of the federal and state clauses, the Confrontation Clause has not been interpreted literally to require that any statements presented that were not made by a declarant at trial be excluded. *Ohio v. Roberts*, 448 U.S. 56, 63, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The United States Supreme Court has stated that if the clause were so interpreted, it "would abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme." *Id.*

■■ Further, the United States Supreme Court has noted that competing interests "may warrant dispensing with confrontation at trial." *Id.* at 64, 100 S.Ct. 2531. We have reiterated that sentiment, stating, "[c]ompeting interests in effective law enforcement and in the development and precise formulation of rules of evidence are valid considerations to balance against the confrontation right in appropriate cases." *People v. Dement*, 661 P.2d 675, 680 (Colo.1983) (citing *Roberts*, 448 U.S. at 63, 100 S.Ct. 2531). Thus, a defendant's right to confront the witnesses against him is not without limit, and "must occasionally give way to considerations of public policy and the necessities of the case." *Mattox v. United States*, 156 U.S. 237, 259–60, 15 S.Ct. 337, 39 L.Ed. 409 (1895).

Section 16–3–309(5) represents an attempt by the legislature to preserve a defendant's right to confrontation, while still allowing lab reports to come in without a technician to testify to their results, where the technician's presence is not desired by either party. As the scientific evidence used in law enforcement and prosecutions grows, lab analysts are faced with a growing backlog of work. Taking them out of the lab to testify to reports that are often not contested is not an efficient use of resources. However, where a defendant wishes to contest a lab test, the analyst's presence is crucial to secure the defendant's right to confront the witnesses against him. Section 16–3–309(5) appropriately balances these considerations by allowing reports to come in without a lab technician to testify as to their contents unless the defendant wants that technician there. As the defendant can ensure the witness's presence with minimal effort, the statute adequately protects the defendant's right to confrontation.

### 2. Requiring a defendant to request a witness's presence is an acceptable precondition to the exercise of the right of confrontation

While section 16–3–309(5) places a small burden on the defendant if he wishes to have a lab technician testify, it does not shift the burden of proof to the defendant. Section 16–3–309(5) requires the defendant to notify the prosecution and the witness if the defense would like the lab technician to testify at trial. However, this burden is minimal and, as discussed below, is no more than we have required of defendants in other circumstances. Thus, section 16–3–309(5) does not impermissibly shift the burden of proof to the defendant.

"Preconditions to the exercise of a right are not unknown to the criminal law and, when reasonable in nature do not constitute an abridgement of that right." *People v. Hampton*, 696 P.2d 765, 774 (Colo.1985). While the prosecution bears the burden of proving the case against the defendant, *In re Winship*, 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), a defendant still must avail himself of his opportunity to cross-examine by being present at trial and standing up and questioning the witnesses. Section 16–3–309(5) infringes on a defendant's right of confrontation no more than those minimal requirements. Under section 16–3–309(5), a defendant must inform the prosecutor that he would like the lab analyst present at trial

ten days before the trial in order to avail himself of the right of cross-examination.

We have upheld as constitutional many conditions which require defendants to take some step in order to preserve their rights. For example, in *Hampton*, we held that a rule of criminal procedure which requires the defendant to serve notice of an alibi statement upon the prosecutor is constitutional. *Hampton*, 696 P.2d at 774. The rule requires that the statement include where the defendant claims to have been, and the names and addresses of all of the witnesses he will call in support of his alibi. *Id.* at 772. The defendant was required to provide this evidence within a reasonable time after the prosecuting attorney gives the defendant a statement specifying where and when the prosecutor contends the defendant committed the offense charged. *Id.* Thus, while the defendant was required to shoulder some burden in order to exercise his constitutional right to present a defense and to call witnesses, we held that the burden did not violate that right. *Id.* at 774.

Similarly, we have held that the requirements imposed on a defendant under the rape shield statute were not violative of a defendant's constitutional right of confrontation. *People v. McKenna*, 196 Colo. 367, 373, 585 P.2d 275, 279 (1978). Under that statute, a defendant is required to make a formal offer of proof, and an in camera hearing may be held, to determine if the evidence regarding the victim's prior sexual history is relevant. *Id.* (citing § 18–3–407, C.R.S.1973 (1977 Supp.)). The defendant in *McKenna* argued that this requirement violated his right to confrontation because it denied him the right to confront his accuser regarding issues which he felt were relevant to his defense. *Id.* We held that this requirement was constitutional and that, "rather than completely denying the defendant's rights in order to protect the victim's privacy interest, the statute strikes a balance by conditioning admission of evidence ... on the defendant's preliminary showing that it is relevant." *Id.*

■ We adopt the same reasoning here in holding that section 16–3–309(5) balances the rights of the defendant with the public interest in efficient use of the state lab technicians' time. Thus, we reiterate that while the defendant's right to confrontation is fundamental, it is not without limit. Burdens may be placed on the defendant to exercise that right and, "when reasonable in nature, [the burdens] do not constitute an abridgement of that right." *Hampton*, 696 P.2d at 774. The burden placed on the defendant here is minimal. Furthermore, his right to confront is not abridged; a defendant is not denied the right to confrontation altogether. Rather, the statute merely requires the defendant to make an affirmative request to ensure that right. Again, however, we note that while this burden on its face is constitutional, there may be circumstances where it is, in fact, an unreasonable burden and effectively abridges a defendant's right to confrontation. Thus, the trial court must be cautious and consider all the relevant circumstances before admitting a crime lab report, over the objection of a defendant, without the necessary foundational testimony as permitted by section 16–3–309(5).

### C. The "As Applied" Challenge

Having found section 16–3–309(5) constitutional on its face, we next consider the argument that section 16–3–309(5) is unconstitutional as applied to this case. Mojica-Simental asserts no independent argument as to why section 16–3–309(5) is unconstitutional as applied; rather he couples the argument that it is unconstitutional on its face with the claim that it is also unconstitutional as applied.

■ While we decide today that section 16–3–309(5) does not violate a defendant's right to confrontation on its face, we also recognize that a trial court could apply this statute in such a manner as to present constitutional difficulties. A defendant's right to confrontation is a fundamental constitutional right. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Thus, in order to waive that right, a defendant's waiver must be "voluntary, knowing and intentional." *People v. Curtis*, 681 P.2d 504, 514 (Colo.1984). If a defendant does not have actual notice of the requirements of the statute, or mistakenly fails to notify the pros-

ecution to have the technician present to testify, there is a significant possibility that a defendant's failure to act may not constitute a voluntary waiver of his fundamental right to confrontation.

We have identified the factors a trial court should consider before excluding defense witnesses as a sanction for failure to provide notice of an alibi defense. *Hampton,* 696 P.2d at 778. In particular, the factors we identified include: the reason for and the degree of culpability associated with the failure to timely respond to the prosecution's specification of time and place; whether and to what extent the nondisclosure prejudiced the prosecution's opportunity to effectively prepare for trial; whether events occurring subsequent to the defendant's noncompliance mitigate the prejudice to the prosecution; and, whether there is a reasonable and less drastic alternative to the preclusion of alibi evidence. *Id.* at 778. We consider this approach useful when considering whether to admit a lab report without an opportunity to confront the appropriate witness.

Thus, before admitting a lab report pursuant to section 16–3–309(5), some factors the trial court might consider include: whether an attorney or a pro se litigant actually knew that he was required to notify the opposing party of his desire to have the witness present; the reasons why notice was late or was not given at all; the difficulty of acquiring the presence of the witness; the significance to the case of the report and of the testimony that would be elicited from the technician; and any other pertinent circumstances.

In practice, section 16–3–309(5) might be best utilized if the proponent of the lab report notifies the opposing party that it intends to introduce the lab report without a foundational lab technician witness, unless advised ten days before trial that the witness' presence is desired, and the parties discuss the matter, at some pre-trial opportunity, to ensure that all parties are in agreement as to whether the witness will be present.

Although we determine that section 16–3–309(5) does not violate a defendant's right to confrontation on its face, we cannot reach the question of the constitutionality of the statute as applied. On appeal to this court, Mojica–Simental argues that section 16–3–309(5) is unconstitutional both facially and as applied to his case. However, in order to argue the constitutionality of a statute as applied, the statute must have been unconstitutional as applied to the complainant. *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). This statute has not yet been applied to Mojica–Simental at all; the lab report in this case was not admitted without an opportunity for the defendant to confront and cross-examine the lab technician, and thus, Mojica–Simental was never deprived of his constitutional right to confrontation. Nor will Mojica–Simental be prevented from exercising his right to confrontation when this case is remanded, as it will only be necessary for him to notify the prosecution ten days before the rescheduled trial if he wants the lab technician to testify in person. Thus, this statute has not been applied to deprive Mojica–Simental of any constitutional right, nor is it likely to be so applied to him in the future.

### III. Conclusion

We decide today that section 16–3–309(5) does apply in a DUI case. Additionally, we hold that the requirement that a defendant must request a lab technician's presence at trial is an acceptable precondition to the exercise of a defendant's right to confrontation. Therefore, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.