**William COLEMAN, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 06SC155.**

Supreme Court of Colorado,
En Banc.

Sept. 10, 2007.

Rehearing Denied Nov. 5, 2007.*

Douglas K. Wilson, Colorado State Public Defender Ned R. Jaeckle, Deputy State Public Defender Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

The defendant, William Coleman, argues that section 16–3–309(5), C.R.S. (2006), was unconstitutionally applied in his case to admit into evidence at his trial a police laboratory report identifying the weight and substance of cocaine without the testimony of the lab technician who prepared the report. Based on our opinion in *Hinojos–Mendoza v. People*, No. 05SC881, 169 P.3d 662, 2007 WL 2581700 (Colo.2007), which we also announce today, we hold that section 16–3–309(5) is not unconstitutional as applied to Coleman's case. We affirm the court of appeals on other grounds.

## I. Factual and Procedural History

Coleman was charged with possession with intent to distribute a schedule II controlled substance, cocaine,[1] and with possession of a schedule II controlled substance, cocaine.[2] The jury at Coleman's trial acquitted him of the possession with intent to distribute charge but could not reach a unanimous verdict on the simple possession charge. The People proceeded with a second trial on the possession charge alone, and the jury found Coleman guilty. The trial court imposed a suspended two year sentence in the Department of Corrections, three years unsupervised probation, and 90 days in jail.

In both trials, the People introduced into evidence a Denver Police Forensic Laboratory report, which identified the substance found near Coleman at the time of his arrest to be cocaine and also provided the total weight of the cocaine. The report was titled "evidence examination report" and listed

---

* Justice Martinez and Justice Bender would grant; Justice Eid does not participate.

1. §§ 18–18–405(1)(a), (2)(a)(I)(A), C.R.S. (2006).

2. §§ 18–18–405(1)(a), (2)(a)(I)(A).

Coleman's full name and birth date under a section entitled "suspect(s)." The lab report was signed by the lab technician who conducted the testing and created the report.

Prior to Coleman's first trial, defense counsel provided timely notice under section 16–3–309(5)[3] to require the presence at trial of the lab technician who prepared the report. During the course of the trial, however, Coleman waived the request for the technician's presence. Between the time of the first and second trials, Coleman changed defense counsel. Coleman's counsel for the second trial also requested the presence of the lab technician under section 16–3–309(5), but did so only six days prior to trial. As counsel conceded before the trial court, this request was untimely under the statute, which requires that notice be given at least ten days prior to trial. § 16–3–309(5).

Coleman appealed, arguing that admission of the lab report in the second trial without the in-court testimony of the technician who prepared the report violated his right to confrontation under both the United States and Colorado Constitutions. Citing this Court's decision in *People v. Mojica–Simental*, 73 P.3d 15 (Colo.2003), Coleman argued that section 16–3–309(5) was unconstitutional as applied in his case to allow admission of the lab report. In an unpublished opinion, the court of appeals rejected this argument. The court of appeals held that section 16–3–309(5) was constitutional as applied and that Coleman did not suffer a violation of his confrontation rights. We granted certiorari to review this decision,[4] and we now affirm on other grounds.

## II. Analysis

In *Mojica–Simental*, we held that section 16–3–309(5) was constitutional on its face, but we noted in dicta that there may be circumstances where the statute would be unconstitutional as applied. 73 P.3d at 20. We stated in dicta that a defendant's waiver of the right to confrontation must be voluntary, knowing, and intentional. *Id.* Therefore, "[i]f a defendant does not have actual notice of the requirements of the statute, or mistakenly fails to notify the prosecution to have the technician present to testify, there is a significant possibility that a defendant's failure to act may not constitute a voluntary waiver of his fundamental right to confrontation." *Id.* at 20–21. We listed in dicta a number of factors that a trial court should consider before admitting into evidence a lab report pursuant to section 16–3–309(5) without the testimony of the technician who prepared the report. *Id.* at 21. Coleman argues that this case is an example of the unconstitutional application of section 16–3–309(5) because his untimely request for the technician's in-court testimony was a result of mistake. Moreover, Coleman argues, the technician was available and could have been called by the prosecution.

As we explain in *Hinojos–Mendoza*, also announced today, the dicta in *Mojica–Simental* was based on the faulty premise that waiver of the right to confrontation must be a knowing, voluntary, and intentional waiver by the defendant. *Hinojos–Mendoza*, slip op. at 669. To the contrary, the right to confrontation is a right that can be waived by a defendant's attorney and need not be waived personally by the defendant. *Id.* at 668. In this case, the failure of Coleman's attorney to timely notify the prosecution that Coleman desired the in-court testimony of the technician waived his right to confront the technician. *See id.* at 661; *see also Brooks v. Commonwealth*, 49 Va.App. 155,

---

**3.** Section 16–3–309(5) states, in relevant part:

Any report or copy thereof ... of the criminalistics laboratory shall be received in evidence in any court ... in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person. Any party may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court, by notifying the witness and other party

at least ten days before the date of such criminal trial.

**4.** We granted certiorari on the following issue:

Whether the court of appeals erred in concluding that the admission of the report of a State criminalistics laboratory did not violate the defendant's right to confront and cross-examine the witnesses against him under the criteria set out by this Court in *People v. Mojica–Simental*, 73 P.3d 15 (Colo.2003).

638 S.E.2d 131, 138 (2006) ("In sum, we hold a defendant's failure timely to notify the Commonwealth of his desire to confront the forensic analyst at trial constitutes a waiver of that right."); *City of Las Vegas v. Walsh,* 121 Nev. 899, 124 P.3d 203, 208 (2005); *State v. Campbell,* 719 N.W.2d 374, 378 (N.D.2006); *Deener v. State,* 214 S.W.3d 522, 528 (Tex. App.2006); *cf. State v. Caulfield,* 722 N.W.2d 304, 318–19 (Minn.2006) (Anderson, J., dissenting). Although the attorney's untimely notice may or may not amount to ineffective assistance of counsel, it does not render section 16–3–309(5) unconstitutional as applied.

## III. Conclusion

We hold that Coleman's failure to make a timely request under section 16–3–309(5) waived his right to confront the technician who prepared the laboratory report. We therefore affirm the court of appeals.

Justice MARTINEZ dissents and Justice BENDER joins in the dissent.

Justice EID does not participate.

Justice MARTINEZ, dissenting.

In *Mojica–Simental,* we held that section 16–3–309(5), C.R.S. (2006), was facially constitutional because it could be constitutionally applied with a voluntary, knowing, and intentional waiver of the right to confront witnesses by the defendant or his attorney. 73 P.3d 15, 20 (Colo.2003). Rather than follow our precedent, the majority overruled the basic foundation of *Mojica–Simental* in *Hinojos–Mendoza,* also announced today. The majority then applies *Hinojos–Mendoza* to the facts of this case and finds that Coleman waived his fundamental rights, despite evidence to the contrary. Maj. op. at 660. For the reasons set forth in my dissent in *Hinojos–Mendoza,* I disagree with the majority's holding that section 16–3–309(5) can be constitutionally applied without a proper waiver. I therefore respectfully dissent.

Pursuant to section 16–3–309(5), Coleman's attorney in the case before us requested that the lab technician testify at trial, but the notice was untimely. The attorney stated that the reason for the delay was that Cole-

man complied with the statute and gave proper notice before his first trial, and she believed that request was still effective. However, when she reviewed the transcripts from the first trial, she discovered that the lab technician's presence had been waived. She then immediately gave notice that the lab technician would be required to testify. She also put the lab technician under a subpoena. The lab technician declared that he was prepared to appear *any time* during trial.

Despite the lack of waiver by Coleman, the trial court admitted the report without the lab technician's testimony pursuant to section 16–3–309(5). Coleman specifically attempted to exercise his Sixth Amendment right to cross-examine the lab technician. His objection to the admission of the report without the lab technician's testimony was overruled. Therefore, he did not voluntarily, knowingly, and intentionally waive that right and he was not able to confront the lab technician. Under our holding in *Mojica–Simental,* requiring a proper waiver before application of the statute, admission of the report was a violation of Coleman's fundamental right to confront witnesses. 73 P.3d at 20–21; *see also Crawford v. Washington,* 541 U.S. 36, 50, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding that admission of ex parte affidavits without cross-examination violates the Sixth Amendment).

The majority leaves *Mojica–Simental's* holding an empty shell by eliminating the requirement of a proper waiver through the use of an irrebuttable presumption resulting in an automatic waiver and adopts *Hinojos–Mendoza* in this case. Because application of section 16–3–309(5) violates Coleman's fundamental right to confront witnesses contrary to our longstanding constitutional requirements for waiver, I dissent.